1
2
3
4
5
6
7                                      UNITED STATES DISTRICT COURT

8                                    NORTHERN DISTRICT OF CALIFORNIA

9

10      JUSTIN CREDICO,                                Case No.  15-cv-05810-JSC

11                      Plaintiff,
                                                       **ORDER DENYING MOTION FOR**
12              v.                                     **RECONSIDERATION**

13      FACEBOOK INC.,                                 Re: Dkt. No. 10

14                      Defendant.

15

16              Plaintiff, an inmate in the Federal Detention Center in Philadelphia, Pennsylvania, filed

17      this pro se civil rights complaint against Facebook, Inc. ("Facebook"), and a number of "Doe"

18      defendants who are "agents" of the Federal Bureau of Investigation ("F.B.I.") and other

19      "unknown" federal agencies.[1]  He was granted leave to proceed in forma pauperis.

20              The case was dismissed under 28 U.S.C. § 1915(e) as frivolous because the complaint

21      duplicated an in forma pauperis complaint Plaintiff filed in a prior case, *Credico v. Facebook, Inc.,*

22      *et al.*, No. 14-0881 JS (E.D. Pa.), which case was dismissed for failure to state a claim upon which

23      relief can be granted.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (in forma

24      pauperis complaint that merely repeats pending or previously litigated claims may be considered

25      frivolous and dismissed under the authority of 28 U.S.C. § 1915(d)[2]); *Bailey v. Johnson*, 846 F.2d

26

27      _____
        [1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. §
28      636(c).  (Dkt. Nos. 2, 6.)
        [2] Prior to 1996, the current version of Section 1915(e) was Section 1915(d).

United States District Court
Northern District of California

1019, 1021 (5th Cir. 1988) (in forma pauperis complaint that repeats previously litigated claims may be dismissed).

Plaintiff has filed a motion for reconsideration.  Rule 60(b) provides for relief from final judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  Plaintiff does not specify what provision of Rule 60(b) compels relief from judgment, but based on his argument, the only provision that would appear to apply is Rule 60(b)(6).

Plaintiff argues that this Court should not have dismissed this case under the doctrine of res judicata because the prior dismissal was not done by a court of "competent jurisdiction."  In support of his argument that the Eastern District of Pennsylvania was not of "competent jurisdiction," Plaintiff cites the "click wrap agreement" of Facebook, Inc., which he asserts requires that all claims against Facebook, Inc., be brought in the Northern District of California.

This case was not dismissed on the grounds of res judicata, however.  Plaintiff filed his in forma pauperis complaint in the Eastern District of Pennsylvania, and after he lost there, he filed the same complaint in this Court again seeking leave to proceed in forma pauperis.  Under *Cato*, that renders this instant in forma pauperis complaint frivolous under 28 U.S.C. § 1915(e).  In *Cato*, the Court held that "there is no abuse of discretion where a district court dismisses an in forma pauperis complaint 'that merely repeats pending or previously litigated claims'" 345 F.3d at 1105 n.2 (quoting *Bailey*, 846 F.2d at 1021, and citing *Denton v. Hernandez*, 504 U.S. 25, 30, (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").  As in *Cato*, the dismissal of the instant case was based on Section 1915(e)'s bar on filing repetitive in forma pauperis lawsuits.  It is noted, that the dismissal, although with prejudice, does not preclude Plaintiff from pursuing his claims in a paid complaint.  *See id.*  To the extent that Plaintiff believes the Eastern District of Pennsylvania did not have jurisdiction to decide his claims, he can make that argument in that court, on appeal from that

United States District Court
Northern District of California

2

court's decision, or in response to a res judicata argument raised in a new action in which he pays the filing fee.

Plaintiff's motion for reconsideration of the dismissal order is DENIED.

**IT IS SO ORDERED.**

Dated: August 1, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN CREDICO,<br><br>                    Plaintiff,<br><br>        v.<br><br>FACEBOOK INC.,<br><br>                    Defendant. | Case No.  15-cv-05810-JSC<br><br>**CERTIFICATE OF SERVICE** |

        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
District Court, Northern District of California.

        That on August 1, 2016, I SERVED a true and correct copy(ies) of the attached, by placing
said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
receptacle located in the Clerk's office.

Justin  Credico ID: Prisoner Id 71239066
Federal Detention Center
700 Arch Street
P.O. Box 562
Philadelphia, PA 19105


Dated: August 1, 2016


                                                    Susan Y. Soong
                                                    Clerk, United States District Court

                                                    By:
                                                    Adil Means, Deputy Clerk to the
                                                    Honorable JACQUELINE SCOTT CORLEY

4